LITTLE BROTHERS, APPELLANTS, VS. T. H. BARLOW, APPELLEE.

FORMER ADJUDICATION UNDER PLEA OF GENERAL ISSUE MAY BE SHOWN IN PROOF WITHOUT SPECIAL PLEA—PROOF OF AND ITS EFFECT.

1. A former recovery may be shown in evidence, under a plea of the general issue. as well as pleaded in bar. When successfully *pleaded*, it is *conclusive* upon the parties. If the evidence offered, under a plea of the general issue, to support the contention of *res judicata* shows that the same subject-matter has already been litigated and adjudicated between the parties by the final judgment of a court of competent jurisdiction, it is as *conclusive* a bar to any further recovery as though it had been urged by special plea in bar.

2. If the matter in issue in the former suit does not appear upon the record offered as evidence of such former adjudication, it may be shown by extrinsic evidence.

3. In order to sustain the contention of *res judicata*, the *complete* record in the former suit, including the judgment therein, should be produced, and not incomplete or detached portions thereof.

Appeal from the Circuit Court for Orange county.

The facts in the case are stated in the opinion of the court.

*W. L. Peeler*, for Appellants.

No Appearance for Appellee.

TAYLOR, J.:

The appellee, T. H. Barlow, sued the appellants in the Circuit Court of Orange county in assumpsit for goods sold and delivered, for work and labor done and performed, for money paid by the plaintiff for the use of the defendants, for moneys received by the defendants for the use of the plaintiff, and for moneys found to be due upon an account stated between them. The defendants pleaded the general issue, that they never were indebted as alleged. The cause was tried before a jury and resulted in a verdict and judgment for the plaintiff in the sum of $641.24. From this judgment the defendants below appeal.

Several errors are assigned, but we deem it unnecessary to notice any of them, except one upon which the judgment below must be reversed. At the trial the defendants offered in evidence the record of a judgment in the Circuit Court of Orange county in a suit in assumpsit between the same parties, wherein Little Brothers were plaintiffs and T. H. Barlow was defendant, and in which they recovered judgment against Barlow for $172.90, and in which the same subject-matter was apparently involved that is in controversy in the present suit. To the introduction of the record of said judgment in evidence the plaintiff objected on the ground that the defendant had not *specially pleaded* the former judgment. This objection was sus-

tained by the court and the profered evidence excluded, to which exception was duly taken and it is assigned as error. The court erred in this ruling. It is abundantly well-settled that a former recovery may be shown in evidence, under the general issue, as well as pleaded in bar, and that when *pleaded* it is *conclusive* upon the parties. But whether it is *conclusive when given in evidence*, is a question upon which the authorities are in conflict. 1 Greenleaf on Evidence (15th ed), sec. 531 and citations. We are in accord with these authorities that hold that if the evidence offered to support the contention of *res judicata* shows that the same subject-matter has already been litigated and adjudicated between the parties by the final judgment of a court of competent jurisdiction, that it is as *conclusive* a bar to any further recovery as though it had been urged by special plea in bar. Duchess of Kingston's Case, 3 Smith's Leading Cases (9th ed.), 1998; Perkins vs. Walker, 19 Vt. 144; Kilheffer vs. Herr, 17 Serg. & R. 319, S. C. 17 Am. Dec. 658; Shafer vs. Stonebraker, 4 Gill & John. 345; Betts vs. Starr, 5 Conn. 550, S. C. 13 Am. Dec. 94; Chamberlain vs. Carlisle, 6 Foster (N. H.), 540. It is further held that if the matter in issue in the former suit does not appear upon the record offered as evidence of such further adjudication, it may be shown by extrinsic evidence. King vs. Chase, 15 N. H. 9, S. C. 41 Am. Dec. 675; Lawrence vs. Hunt, 10 Wend. 80, S. C. 25 Am. Dec. 539; Preston vs. Harvey, 2 Hen. & Munf. (Va.) 55; Estill vs. Taul, 2 Yerg. (Tenn.) 466, S. C. 24 Am. Dec. 498; Marsh vs. Pier, 4 Rawle, 273, S. C. 26 Am. Dec. 131.

Upon the objection urged to the admissibility of the former judgment between the parties in evidence the

ruling of the court was erroneous, and as a new trial must result, it will be proper to say that to prove what the question in issue was in a former suit, the complete record of such suit should be produced, including the judgment therein, and not detached portions thereof. Foot vs. Glover, 4 Blackf. (Ind.) 313.

The judgment appealed from is reversed and a new trial ordered.