E. E. ADAMS, *Plaintiff in Error*, VS. WILLIAM WOLF, *Defendant in Error*.
137 So. 705.
En Banc.
Opinion filed November 13, 1931.

548

*Walker & Willson,* of Bartow, for Plaintiff in Error;
*Johnson, Bosarge & Allen,* of Bartow, for Defendant in Error.

MATHEWS, Commissioner:—Plaintiff sued in assumpsit. Defendant plead a set-off. Trial was had before a jury and verdict rendered on November 8th, 1928, for plaintiff for a sum less than that claimed in the declaration.

On November 9th, 1928, plaintiff moved the court to allow him fifteen days from the rendition of the verdict in which to file a motion for new trial. The motion was granted on November 10th, 1928, and the time for filing a motion for new trial, by order of the court, was extended to November 23rd, 1928.

On November 21st, 1928, the plaintiff made and submitted his motion for new trial. On December 4th, 1928, plaintiff gave notice to defendant's attorneys of record that on December 12th, 1928, at 10:30 A. M., he would call up for hearing before the trial judge of the court at his office in Bartow, Florida, the motion for new trial filed by plaintiff in the cause.

On February . .., 1929, the trial judge entered an order setting forth:

"The plaintiff's motion for New Trial having been presented to me before the expiration of the time set in the order of the court heretofore entered in said cause, extending the time for the filing of Motion for New Trial and at the time of the presentation, counsel for plaintiff having requested the court that a date be set for the hearing of said motion before the expiration of the time provided by law, and it being impossible to hear said motion at that time, the court instructed counsel for the plaintiff to file his motion and to confer with the court at some later date as to the date that said motion could be heard. The court having set the time for the hearing of said motion on the 12th day of December, 1928, and the said motion coming on to be heard before me that day, counsel for the plaintiff and defendant being present and their argument being heard by the court on said motion, counsel for defendant objected to the hearing of said motion, on the ground that same was not presented and heard within fifteen days after the date the verdict was entered in said cause, because the defendant had not been served with a copy of said motion and three day's notice of the hearing thereon within said fifteen days, and the court is of the opinion that the law was not strictly followed. * * * * * It appearing to the court that although the motion for new trial was presented within fifteen days from the rendition of the verdict the same was not actually heard within that period because of the court's being unable to do so now therefore the court declines to rule thereon for want of jurisdiction."

Final judgment was entered on the verdict. Error is assigned on the refusal of the court to rule on plaintiff's motion for new trial.

Section 4498 (2811) Compiled General Laws of Florida, 1927, is as follows:

"Motions for new trial in civil cases.—Motions for new trials in civil cases shall be made within four days after the rendition of the verdict and during the same term, but the judge upon cause shown may within such four days and during the same term by order extend the time for the making and presentation of such motions, not to exceed fifteen days from the rendition of the ver-

dict. In all cases of extension of the time for making such motions, a copy of the motion to be presented to the judge shall be served on the opposite party, or his attorney, with three days' notice of the time and place that the same will be presented and heard.

It shall not be necessary to incorporate in any motion for a new trial any matter in pais previously excepted to, for the purpose of having the same reviewed by an appellate court. The provisions of this section shall not apply to criminal causes.''

Under the provisions of the above statute, when the time is extended for the making and presentation of a motion for new trial, the motion must be presented to the Judge before the expiration of the time set in the order of extension. Bunch v. John, 85 Fla. 22, 95 So. 235. And the record should affirmatively disclose the fact that it was within that time duly presented to the judge to be heard. Citizens Bank of Williston v. Williams, 91 Fla. 589, 110 So. 252.

The motion for new trial appears from the order of the court below to have been presented to the judge before the expiration of the time set in the order of extension, and it is here contended the motion, pursuant to a three days' notice, should have been heard and considered by the trial judge within the time set in the extension.

In all cases of extension of the time for making of motions for new trials in civil cases, a copy of the motion to be presented to the judge shall be served on the opposite party or his attorney with three days' notice of the time and place that the same will be presented and heard. Section 4498 (2811) Compiled General Laws of Florida, 1927.

It is of the hearing of the motion where the time for the making thereof has been extended that notice is required. Gulf Refining Co. v. Howard, 82 Fla. 27, 89 So. 349; Bunch v. John, supra; Crandall's Florida Common Law Practice, 710.

That plaintiff has a right, a most valuable right, to have

his motion for new trial considered and determined, cannot be questioned, provided only he has not waived or lost it by operation of law. He presented his motion to the judge within the required time and requested the court that a date be set for the hearing of the motion, and the court finding it impossible to hear and consider the motion at that time, set December 12th, 1928, for hearing the motion. It appears defendant's attorneys were given eight days' notice of the time and place set for hearing on the motion.

When a motion for new trial is duly made in term or is duly made and presented after adjournment of the term, pursuant to an order made under Section 4498 (2811) Compiled General Laws of Florida, 1927, the court is, for the purpose of hearing and determining such motion, regarded as continuing in session until the motion is disposed of. DeSoto Holding Co. v. Boyer, 85 Fla. 517, 97 So. 205; Lanier et al. vs. Shayne, 85 Fla. 212, 95 So. 617.

And a motion for new trial duly made and presented within the time fixed by the judge under the provisions of the above statute, is not by such statute required to be heard and considered within the time fixed for the making and presentation of the motion, but may be heard and considered, pursuant to notice duly given, on any subsequent date fixed by the court. Section 4498 (2811) Compiled General Laws of Florida, 1927.

The trial judge is not without jurisdiction to pass upon the motion for new trial, duly made and presented herein, and the judgment of the court below is hereby reversed, and this cause remanded for further proceedings not inconsistent herewith.

PER CURIAM.—The record in this cause having been considered by the court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929 (Extra Sess.) adopted by the Court as its opinion, it is considered, ordered and decreed by the court, that the trial judge is not without

552

jurisdiction to pass upon the motion for new trial duly made and presented herein, and the judgment of the court below is hereby reversed, and this cause remanded for further proceedings not inconsistent with the opinion.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.