L. R. BISHOP, et al., v. C. E. CHILLINGWORTH, as Circuit Judge, etc., *et al.*

163 So. 93.

Opinion Filed September 2, 1935.

W. Terry Gibson, for Relators;

C. D. Blackwell, for Respondents.

Whitfield, C. J.—A demurrer to an alternative writ of mandamus issued by this court was sustained with leave to amend. Bishop v. Chillingworth, Circuit Judge, 286 Fla 114, 154 So. 254.

An amended alternative writ of mandamus was issued here on an amended petition filed.

Matters *in pais* alleged in the amended alternative writ of mandamus are not authenticated by a bill of exceptions as was held in the former opinion above cited to be necessary in this class of cases where it is sought to require a Circuit Judge to entertain and adjudicate a motion for new trial which he has stricken on the ground that he had no authority to adjudicate it, because it was "not duly presented to the Judge within the required time."

The petition for the amended alternative writ of mandamus contains what is termed a special bill of exceptions taken in the cause in the trial court. It is authenticated by the following which appears to be in the handwriting of the Judge:

"I decline to settle the above proposed bill of exceptions only because I believe I do not at this time have the power to settle it.    December 11, 1934.

"C. E. Chillingworth, *Circuit Judge.*"

In striking the motion for new trial on the ground that it was "not duly presented to the Judge within the required time," the Court in the same order, dated March 14, 1933, stated that: "It is further ordered that thirty days be allowed for the purpose of settling such bill of exceptions, if any, as the court may be authorized to settle." It thus appears that though thirty days from March 14, 1933, were allowed for presenting a bill of exceptions, none was presented until December 11, 1934. This explains why the Judge endorsed his refusal to settle the "proposed bill of exceptions" that was presented to him December 11, 1934.

Even if exhibits referred to in the essential allegations of matters *in pais* contained in the amended petition and alternative writ may be regarded as legally and sufficiently authenticated under Section 4534 (2917) C. G. L., for consideration in this proceeding by reason of the endorsement of the Judge above quoted, such allegations are insufficient to show error in the action of the Circuit Judge in striking the motion for new trial.

The statute provides:

"Motions for new trial in civil cases shall be made within four days after the rendition of the verdict and during the same term, but the judge upon cause shown may within such four days and during the same term by order extend the time for the making and presentation of such motions, not to exceed fifteen days from the rendition of the verdict. In all cases of extension of the time for making such motions, a copy of the motion to be presented to the judge shall be served on the opposite party, or his attorney, with three days' notice of the time and place that the same will be presented and heard." Sec 4498 (2811) C. G. L.

Under the statute, "in all cases of extension of the time

for making such motions (for new trial), a copy of the motion to be presented to the judge shall be served on the opposite party, or his attorney, with three days' notice of the time and place that the same will be presented and heard." See DeSoto Holding Co. v. Boyer, 85 Fla. 517, 97 So. 205; Warner v. Goding, 91 Fla. 260, 107 So. 406; Citizens Bank v. Williams, 91 Fla. 589, 110 So. 252; Adams v. Wolf, 103 Fla. 547, 137 So. 705.

It appears that the verdict in the court below was rendered February 9, 1933; that during the same term, on February 13, 1933, the court extended the time to February 20, 1933, to make and present a motion for new trial in the cause; that on March 8, 1933, when the motion for new trial was to be heard, counsel for plaintiffs moved to strike the motion for new trial on grounds among others that the motion was "not presented within the time fixed" by the order under the statute; whereupon counsel for defendants below filed with the Judge an affidavit:

· "That on Monday, February 20th, 1933, I appeared before the Honorable C. E. Chillingworth, having with me and in my possession at that time and holding in my hand, Motions in the above entitled cause for a Venire *Facias de Novo,* Motion for a New Trial and Motion for Arrest of Judgment, and at that time stated to the Court to the best of my recollection and belief the following words, 'Judge, .I have here Motions for a New Trial and Venire *Facias de Novo* and Motion to Arrest Judgment in that ejectment case we tried the other day, and I would like to have an appointment for hearing.' It is my further recollection that during the conversation regarding that appointment, these Motions were laid on the Judge's desk. Upon making the aforesaid request for hearing, I was advised that he was trying cases that week and the following week and that if

I would call him later in the week, he would be glad to set a definite date; thereafter I took the said Motions to the Clerk's office where they were filed.

"Subsequently, to the best of my knowledge and belief, the following Thursday I again requested the Court for a date of hearing, at which time the said hearing was set for the following Wednesday, March 1st, 1933. Notice of said hearing was duly sent to the counsel for plaintiff on the 25th day of February, 1933, at which time the attorney for the plaintiff called your affiant on the phone stating that he would be in New Orleans before the Circuit Court of Appeals at the time set for said hearing and requested that said hearing be postponed until his return, at which time your affiant, on a telephone conversation with C. E. Chillingworth, Judge of the above styled Court, changed the date of hearing until the following Wednesday, March 8th, 1933."

On March 8th, 1933, counsel for the plaintiffs filed the following affidavit:

"That on the 25th day of February, A. D. 1933, defendants, by their counsel, served on affiant, as attorney for plaintiff in the above cause, copies of all the foregoing mentioned motions, together with notice that the same would be presented and heard before the Honorable C. E. Chillingworth, Judge of the above styled Court, in his Chambers, at West Palm Beach, Florida, at 10:00 o'clock A. M., on March 8th, 1933; that no form of notice that the defendants or their counsel would present and hear said motions; was served on the plaintiff, or any of his attorneys, prior to the 25th day of February, A. D. 1933; that none of the above mentioned motions were served on plaintiff, or any of his attorneys, prior to the 25th day of February, A. D. 1933."

Thus it appears that even if the motion for new trial of

defendants was presented to the Judge on Febraury 20, 1933, defendants below, relators here, do not purport to show that "a copy of the motion to be presented to the Judge" was "served on the opposite party or his attorney, with three days' notice of the time and place that the same will be presented and heard" as is expressly required by the statute, the time for making and presentation of the motion for new trial fixed by the order under the statute being February 20, 1933.

The affidavit of plaintiff's counsel states that the motion and notice of its presentation and hearing was not served on plaintiff or any of his attorneys previous to February 25, 1933.

If the required copy of the motion with three days' notice of the presentation of the motion to the Judge on February 20, 1933, had been duly served before February 20, 1933, the hearing at a later date would not have rendered the motion ineffective.

In so far as the statute regulates the making and presentation of motions for new trials, a compliance with such regulations is a prerequisite to the effectiveness of such motions. The principle just stated extends to a service of a copy of the motion and to the three days' notice required of the presentation. Due presentation of the motion to the Judge includes the notice required to be given of the presentation and a service of a copy of the motion to be presented. Even if such service of copy and notice was intended only for the benefit of the opposite party, and may be waived, such opposite party has not waived the statutory requirement, of due presentation but insisted that the statute was not complied with and that the motion should be stricken.

The court held that the motion for new trial was "not

duly presented to the Judge within the required time." Even if the facts stated in the affidavit of counsel for defendants as to having the motion in his possession and referring to it when he, on February 20, 1933, asked for a hearing on the motion, may be regarded as a "presentation of such motion" to the Judge within the requirements of Section 4498 (2311) C. G. L., there is no showing whatever that a copy of the motion and three days' notice of its presentation to the Judge were served on the opposite party or his attorney" prior to February 20, 1933, as required by the statute. Scuh service of copy of motion and notice of presentation, was negatived by affidavit of plaintiff's counsel. The required service of the motion and notice was necessary to make the motion and its presentation effective under the statute, such service of copy and notice of presentation not having been waived by the opposite party if that can be done in view of the terms of the statute.

The service of notice on February 25, 1933, of a hearing on the motion, March 1, 1933, did not cure the failure to serve a copy of the motion and a notice of its presentation to the Judge three days before February 20, 1933, the day fixed by order under the statute "for the making and presentation of such motion."

The Court is not shown to have erred in striking the motion for new trial.

The demurrer to the amended alternative writ of mandamus is sustained.

ELLIS, TERRELL, BUFORD and DAVIS, J. J., concur.

BROWN, J., dissents.