NORWICH UNION INDEMNITY COMPANY v. MILLARD F. WILLIS (AETNA CASUALTY & SURETY COMPANY, a corporation, Assignee).

168 So. 417.

Division B.

Opinion Filed April 11, 1936.

Rehearing Denied May 28, 1936.

138

*McKay, Dixon & DeJarnette,* for Plaintiff in Error;

*Patterson, Blackwell & Knight* and *A. Y. Clement,* for Defendant in Error.

### ON REHEARING.

TERRELL, J.—On January 7, 1927, Milliard F. Willis secured a judgment in the Circuit Court of Dade County against George Jahn for $4,000.00. On January 11, 1927, within the time allowed by law, Jahn filed his motion for new trial. On January 20, 1927, while the motion for new trial was still pending, Willis for a valuable consideration, assigned his judgment to Aetna Casualty & Surety Company. The judgment and the assignment were duly recorded. On December 19, 1932, more than five years after it was rendered, the motion for new trial was denied and execution on the judgment was entered in favor of Aetna Casualty & Surety Company. When the motion for new trial was entered no supersedeas bond was obtained, no order was entered staying execution of the judgment, and no appeal was taken. The judgment, therefore, became final when the motion for new trial was denied. McClellan v. Wood, 78 Fla. 407, 83 So. 295.

On December 26, 1932, this cause was instituted by filing an affidavit and the issuance of a writ of garnishment at the instance of Aetna Casualty & Surety Company directed to Norwich Union Indemnity Company, it appearing that the defendant, George Jahn, held a liability insurance policy in Norwich Union Indemnity Company at the time Willis secured his judgment as heretofore referred to. Jahn's contract of insurance provided that no action should lie to recover against the company for any loss until the amount of damages for which the assured was liable is determined either by final judgment or agreement between the assured and the plaintiff with the written consent of the company,

and unless such action is brought within two years after the rendition of the final judgment.

In its answer to the writ of garnishment the garnishee admitted that Jahn was the holder of a liability policy covering the injury for which Willis secured his judgment. It resisted payment of the judgment on the ground that Jahn did not forward to it a copy of the summons served on him (Jahn) in the Willis action as required by the policy. The garnishee also invoked the statute of limitations as a bar to the payment of the Willis judgment.

As to the defense that Jahn did not forward copy of the summons served on him to the garnishee, it is not shown that the garnishee was in any wise prejudiced thereby. It is shown that the garnishee was permitted to offer evidence at the trial of the garnishment proceeding to the effect that it did not receive copy of the summons at its home office, but the testimony of the plaintiff in the garnishment proceeding conclusively shows that the summons served on Jahn was forwarded promptly to the general agent of the Norwich Union Indemnity Company at Miami, which undertook to defend the action in behalf of George Jahn. Under such a state of facts this defense can avail the garnishee nothing.

To like effect is the garnishee's attempt to invoke the statute of limitations. That effort is predicated on the fact that the judgment against Jahn was rendered January 7, 1927, a motion for new trial was filed January 11, 1927, but was not disposed of until December 19, 1932, more than five years later. It cannot be denied that this was loose practice, but the law did not in terms require a sooner disposition, neither party was affected by the delay, and the judgment did not become final until the motion for new trial was disposed of and the writ of garnishment was filed the

following day. McClellan v. Wood, *supra;* Adams v. Wolf, 103 Fla. 547, 137 So. 705; West Florida Grocery Co. v. Teutonia Fire Ins. Co., 74 Fla. 220, 77 So. 209.

It follows from the facts and cases cited that the writ of garnishment could not be filed until the judgment became final and the debt due which took place when the motion for new trial was disposed of, but, absent this, the five-year statute of limitations was not available as a defense to the garnishee because under the law of this State judgments are enforceable within twenty years. Section 2939, Revised General Statutes of 1920, Section 4663, Compiled General Laws of 1927. Under the last named statute the garnishee was bound to like effect as Jahn, which was for twenty years. The provision of the policy requiring that any action brought against the company be instituted within two years was vitiated by Section 4651, Compiled General Laws of 1927.

The contention that the statute of limitations should have been specially pleaded is without merit. It was not available as a defense in this case, but if it had been it was not necessary to plead it specially. The garnishee entered a general answer to the writ, that is, a general denial of any indebtedness to the defendant or possession of any goods belonging to him. Under such an answer any evidence with reference to the indebtedness due by the garnishee should have been admitted. Howe v. Hyer, 36 Fla. 12, 17 So. 925; Fulton v. Gesterding, 47 Fla. 150, 36 So. 56.

It is contended that the trial court erred in refusing to admit evidence tending to show that Aetna Casualty & Surety Company, the assignee of the Willis judgment, was the insurer of Willis, a sub-contractor, who committed the tort for which the judgment against Jahn was secured and that the money alleged to have been paid for the assignment

of the judgment by Willis was paid by his (sub-contractor's) insurer in settlement of other actions then pending by him (Willis) against Jahn and other parties for the same tort.

The rejected evidence consisted of the court files in certain cases pending in the Circuit Court of Dade County brought by Willis, the assignor of the judgment to Aetna Casualty & Surety Company, and the entry of appearance for Aetna Casualty & Surety Company in said causes. The garnishee further charged that the assignment to Aetna Casualty & Surety Company was shown to be fictitious and without consideration, but offered no evidence to prove this charge.

The real issue in the garnishment proceeding was whether or not Norwich Union Indemnity Company, defendant and garnishee, was indebted to George Jahn, the assured under the terms of its policy by virtue of the final judgment against Jahn in favor of Willis in the primary action.

The assignee of the judgment succeeded to all the rights of Jahn, the assured, to enforce it against the insurer. The final judgment against Jahn in favor of Willis conclusively established the liability of Jahn to Willis. At the trial of the garnishment case the plaintiff proved every material fact essential to entitle it to recover against the garnishee. The garnishee offered nothing to defeat this right.

In this state of the issues we cannot see that the rejected evidence proffered by the garnishee was material or competent. The judgment was not joint, but against Jahn and the prerequisites to its securement are shown to have been complied with. The fact that Willis brought several actions against different parties for the same injury and dismissed all of them after securing the judgment against Jahn constitutes no defense against the enforcement of the final judgment in his favor secured against Jahn when the rec-

ord does not show that Willis received any compensation for his injury other than the consideration for the assignment of the judgment to Aetna Casualty & Surety Company. The results in the other cases had no bearing on the validity of the judgment against Jahn. This Court has repeatedly held that no evidence is admissible which does not correspond with and tend to prove the pleadings. Malsby v. Gamble, 61 Fla. 310, 54 So. 766; Rentz v. Live Oak Bank, 61 Fla. 403, 55 So. 856.

The offered evidence was not only confusing and misleading, but amounted to a collateral attack on the Willis judgment. It was for this reason properly excluded because on collateral attack only jurisdictional infirmities can be considered. Fiehe v. Householder Co., 98 Fla. 627, 125 So. 2; Fisher v. Guidy, 106 Fla. 94, 142 So. 818; Atlantic Coast Line R. R. Co. v. Campbell, 104 Fla. 274, 139 So. 886.

It is contended that the trial court erred in excluding evidence showing that Willis' injuries resulted from the negligence of sub-contractor and that an action was brought by him (Willis) against the sub-contractor as well as the insured for the identical injuries on which this action was based.

Unquestionably circumstances could arise in which an action against the sub-contractor, under the facts stated, would materially affect one against the insured, but such circumstances are not shown to exist in this case. Otherwise the argument and cases cited under the preceding question are conclusive of this one.

The next question is predicated on the refusal of the trial court to grant the motion of the garnishee for a judgment *non obstante veredicto.*

Such judgments are properly entered in favor of the

plaintiff, notwithstanding the verdict and before judgment where it appears by the record that the matters pleaded or replied to, although verified by the verdict, are insufficient to constitute a defense or bar to the action. Black's Law Dictionary.

The record in the case at bar shows the judgment in question to be unsatisfied. It is further shown that the plaintiff who secured the judgment has never been compensated for his injuries other than the consideration for the assignment of the judgment. These defenses constituted a complete bar to the garnishee's action which was properly denied.

Questions not treated have been carefully examined, but they are all concluded by the argument and authorities heretofore cited. Further discussion of them would serve no useful purpose.

The judgment below is accordingly affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.