TIP TOP GROCERY COMPANY v. CATHARINE WELLNER, *et vir*.

177 So. 735.
Opinion Filed November 19, 1937.
Rehearing Denied January 7, 1938.

*Wiseheart & Wiseheart* and *Knight & Green,* for Plaintiff in Error;

*Price & Price* and *Arthur F. Bauer,* for Defendant in Error.

WHITFIELD, J.—In an action in tort to recover damages for alleged slander a verdict for $2,000.00 was rendered April 29, 1937. Judgment thereon for the plaintiff was entered May 1, 1937. On a motion for new trial by the defendant, the court below made a remittitur of $1,400.00 a condition to a denial of the motion, May 17, 1937. The suggested remittitur was filed June 2, 1937. No further judgment appears to have been entered in the minutes of the court. Separate writs of error were taken by the plaintiffs and defendant below, both writs of error being made returnable August 31, 1937.

The plaintiffs in the trial court as defendants in error here, moved in this Court for an order striking from the transcript of the record here both the motion for a new trial and the bill of exceptions, upon the grounds that no order was made by the trial Judge within four days after the rendition of the verdict extending the time for making and presentation of the motion for a new trial, and "that a copy of the motion for a new trial to be presented to the

Judge was not served upon the defendants below, or their attorneys, with three days' notice of the time and place that the same would be presented," and "that the trial court had lost jurisdiction to settle and sign the bill of exceptions." This· motion was granted September 15, 1937, upon the theory that Section 4498 (2811) C. G. L. and Common Law Rule No. 88 had not been complied with. A motion was filed September 24, 1937, to vacate the order of September 15, 1937.

The following statute is applicable and controlling:

"Motions for new trials in civil cases shall be made within four days after the rendition of the verdict and during the same term, but the judge upon cause shown may within such four days and during the same term by order extend the time for the making and presentation of such motions, not to exceed fifteen days from the rendition of the verdict. In all cases of extension of the time for making such motions, a copy of the motion to be presented to the judge shall be served on the opposite party, or his attorney, with three days' notice of the time and place that the same will be presented and heard." Sec. 4498 (2811) C. G. L.

It appears that the verdict was rendered April 29, 1937. The motion for an extension of time for filing a motion for new trial was filed May 3, 1937, and a copy of the motion and notice was accepted by opposing counsel May 3, 1937. The time for filing such motion for new trial was extended to May 8, 1937. A motion for an extension of the time to May 14th was denied. The motion for new trial was marked "presented this 8th day of May, 1937, Paul D. Barns, Judge." On May 8th counsel for plaintiffs acknowledged service of a copy of the motion for new trial and of a notice that the motion for new trial would be presented to the Judge for hearing on May 11, 1937. On May

11th counsel for plaintiffs filed a motion to strike the motion for new trial upon grounds that no notice of the presentation of the motion was served on plaintiffs or their attorney, and that the court had no jurisdiction to hear and determine the motion.

On May 12th the court made the following order:

"The foregoing cause came on regularly for hearing pursuant to due notice, and it appearing unto the Court that it would be necessary to adjourn the hearing thereof to a future date in order to allow counsel full opportunity to be heard upon the several motions pending, it is thereupon,

"CONSIDERED, ORDERED AND ADJUDGED that the plaintiff's motion to strike the order of the Court dated May 3, 1937, extending the time within which to file a motion for new trial, and also·the defendant's motion for new trial, * * * be and each of said motions is hereby set for hearing before this Court by special appointment on the 17th day of May, 1937, * * *"

On May 17, 1937, the court denied the motion to strike the motion for new trial and denied the motion for new trial upon the entry of a stated remittitur.

When a motion for new trial is duly presented to the Judge and marked filed by him within the time allowed by a previous order under the statute for making and presenting such motion, the hearing on the motion may be at any reasonable time fixed by the court. The making and presentation to the Judge of a motion for new trial within the time allowed by previous order duly made is essential to the jurisdiction of the court to determine the motion; and the service of a copy of the motion on opposing party or his attorney with three days' notice of the presentation is also essential if such service of copy and notice are not waived. by the opposing party or counsel.

In this case if the motion of defendant for new trial had not been *presented to* the Judge *and recognized by him* as having been presented to him within the time allowed by his previous order, the recited steps taken in the cause by counsel for the plaintiffs would not have dispensed with the ·required service of a copy of the motion for new trial *with three days' notice of its presentat'on* to the Judge. See Bishop v. Chillingworth, 120 Fla. 740, 163 So. 93.

As the presentation of a motion for new trial to the Judge within the time allowed in a previous order is the prime requisite of the statute to give the court jurisdiction of the motion, and as the service of a copy of the motion with three days' notice of its presentation·to the judge is for the benefit of the opposing party, such service of copy and notice may be waived by subsequent proceedings in the cause by counsel for such opposite party, by, as in this case, accepting, May 8, 1937, service of a copy of the motion for new trial and of notice that the motion would be presented ·to the Judge for hearing on May 11, 1937, by moving to strike the motion for new trial on jurisdictional grounds going to the motion as well as to notice, and by arguing the motion for new trial.

Common Law Rule 88, effective October 1, 1936, is as follows:

"The bill of exceptions shall be.made up and signed or lodged in the office of the clerk within ninety days after verdict or order on motion for new trial, unless, by special order entered within such time further time be allowed. In case such special order be made, .it shall be entered in the minutes, and in making up the bill of exceptions the fact that such an order was made shall be mentioned therein, or shall otherwise appear in the record." Rule 88, 122 Fla. 915.

The bill of exceptions states:

"On the 11th day of August, 1937, during the same term, the defendant made up and tendered its bill of exceptions, which after due notice was signed, and filed with the Judge, which said bill of exceptions is in words and figures as follows, and said bill of exceptions bears the endorsement:

" 'The within bill of exceptions filed with and presented to me for settlement this 14th day of August, 1937.

" 'PAUL D. BARNS,
" 'Circuit Judge.'

and being as follows, to-wit: * * *

"And, inasmuch as the said several matters objected to and insisted upon, and considered by the Court, do not appear by the record, the said defendant did, on the 21st day of August, 1937, during the said Term, propose this its bill of exceptions to the said rulings of the said Judge, and request him to sign the same, which after due notice to opposing parties, or their attorneys, is done this the 21st day of August, A. D. 1937; and I do hereby certify that the foregoing bill of exceptions contains all of the evidence introduced at the trial of the above stated cause.

"PAUL D. BARNS,
"Judge of the Circuit Court of the
"Eleventh Judicial Circuit of Florida."

The filled in date, "21st," first appearing in the paragraph last above quoted, was manifestly intended to be "14th" as stated in the prior paragraph.

It thus appears that the proposed bill of exceptions was "filed with and presented to" the Judge of the Circuit Court on August 14, 1937, and that the Judge did "sign the same" on August 21, 1937. The *presentation* to the Judge on August 14, 1937, was "within ninety days after * * * order on motion for new trial" denying motion May 17, 1937.

Rule 88 was therefore sufficiently complied with, since a presentation to, and the filing of the proposed bill of exceptions by, the Judge on August 14, 1937, satisfied the provision of Rule 88 that the bill of exceptions "shall be made up and signed (by the Judge) or lodged in the office of the clerk within ninety days after verdict or order on motion for new trial, unless, by special order entered within such time, further time be allowed." Filing a proposed bill of exceptions with the Judge is equivalent to filing it with the clerk of the court; the bill of exceptions, being matter *in pais,* is without force or verity until signed by the Judge. Objections to the settlement of the bill of exceptions were overruled and denied August 21, 1937.

The order striking the motion for new trial and bill of exceptions from the transcript is vacated.

The motion to vacate the supersedeas is denied, the bond having been filed within thirty days after the session of the court. Sec. 4621 (2911) C. G. L.

The motions to strike the briefs of counsel are severally denied.

ELLIS, C. J., and TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.