FLORIDA DAIRIES COMPANY v. CHESTER D. WARD, JR.

178 So. 906.
Opinion Filed January 22, 1938.
Rehearing Denied March 2, 1938.

*Blackwell & Knight,* for Plaintiff in Error;

*Marion E. Sibley, L. A. Schroeder, Jr.,* and *W. H. Burwell,* for Defendant in Error.

CHAPMAN, J.—This action is before the Court on writ of error taken under Section 4615, Comp. Gen. Laws of 1927, to an order granting a new trial in the Circuit Court of Dade County, Florida. The action is by Charles D. Ward, Jr., against Florida Dairies Company, to recover damages for personal injuries alleged to have been sustained in a collision between a Ford car driven by plaintiff and a milk truck driven by an agent of the defendant. The parties will be referred to in this opinion as plaintiff and defendant as they appeared in the court below. The declaration contains one count and charges the defendant, through its authorized employee, P. D. Smith, with the negligent operation of the truck at 2:00 o'clock A. M., January 10, 1935, at the intersection of Fourteenth Street and Northwest Seventh Avenue in the City of Miami. It is alleged that the plaintiff was permanently injured as a result of the negligent operation of the milk truck by an agent of the defendant. The declaration had attached, a bill of particulars, in which damages were alleged to have been sustained by the plaintiff due to the negligence of the defendant in the total sum of $50,000.00.

A demurrer to the declaration was overruled and on the 3rd day of June, 1935, defendant filed to the declaration twenty-four separate pleas and no effort to test the legal sufficiency of either of the pleas on the part of the plaintiff was made in the lower court, but the record shows on July 17, 1935, plaintiff filed a joinder of issue as to each of said pleas from 1 to 24, inclusive, and the cause was tried in the lower court on the 14th day of January, 1936, when a verdict of not guilty was found by a jury.

The verdict is dated January 14, 1936, and on the 17th day of January, 1936, the Honorable Worth W. Trammell, Judge, on the presentation of a motion on the part of the plaintiff for an extension of time in which to present his motion for a new trial, made and entered an order enlarging and extending the time including Monday, January 27, 1936. On January 27, 1936, plaintiff presented his motion for a new trial, and the Judge endorsed thereon: "Presented before me on this 27th day of January, 1936," and the motion for a new trial was argued before the lower court on the 27th day of February, 1936, two days after the filing of the motion to strike plaintiff's motion for new trial, on jurisdictional grounds, but the same was not brought to the attention of the lower court for an order or a ruling. On August 8, 1936, an order was made and entered granting plaintiff's motion for a new trial. On August 10, 1936, defendant filed a motion to vacate the order granting a new trial and an order denying the motion to vacate the new trial previously granted is dated August 10, 1936. The lower court had jurisdiction of the cause and of the motion for a new trial sufficient in law to make and enter the order dated August 8, 1936, granting the new trial. There was a substantial compliance with Section 4498 C. G. L. See Tip Top Grocery Company, a Florida corporation, v. Katherine Wellner, et al., 130 Fla. 270, 177 Sou. Rep. 735, decided at the present term of Court.

This Court had before it in the case of Ruff v. G. S. & F. Ry. Co., 67 Fla. 224, text pages 231-233, 64 Sou. 782, a similar question to the one at bar and the Court, speaking through Mr. Justice WHITFIELD, said:

"Pursuant to these statutory provisions it is the duty of the Appellate Court, in appropriate proceedings duly taken, not only to review questions of law, but to determine whether the evidence is sufficient to sustain the findings of

fact in a cause; and if material error appears in such findings that probably causes substantial injustice, it is the duty of the court to correct the error by appropriate proceedings. On writ of error taken under the statute to an order granting a new trial, the court 'shall review the said order.' If the motion granted duly questions the sufficiency of the evidence to sustain the verdict, the Appellate Court may review the evidence where it is proper to do so in adjudicating the correctness of the order granting the new trial. Where error is found in the order granting a new trial, the statute provides that the Appellate Court 'shall direct final judgment to be entered in the court below, for the party who had obtained the verdict in the court below, unless a motion in arrest of judgment, or for judgment *non obstante veredicto* shall be made and prevail.' By this latter provision the statute recognizes the common law right to have judgment rendered in accordance with the pleadings in the cause.

A motion for a new trial is the means by which the *trial court reviews its rulings* in the cause and passes upon the sufficiency of the evidence to sustain the verdict, and upon other matters *in pais* affecting the justice and the legality of the verdict. In modern practice a motion for new trial may contain not only a challenge of the sufficiency of the evidence to support the verdict rendered and a showing of newly discovered evidence and irregular proceedings of any kind in the cause, but properly presents for review by the trial court questions as to its rulings in all proceedings whether contained in the record proper or of matters *in pais* occurring in the trial. Where a review is desired *by an appellate court* a bill of exceptions should be duly taken and authenticated containing such proceedings and matters as do not constitute a part of the record proper of the cause, e. g., all happenings *in pais* affecting the cause, motions that

are in effect not pleadings, evidentiary offerings, statements of newly discovered evidence, charges given or refused, the corectness of the verdict with reference to the evidence, and also the objections made .to such motions, charges, evidentiary matters and other proceedings, together with the rulings thereon and the exceptions taken thereto. * * *"

See Adams v. Wolf, 103 Fla. 547, 137 Sou. Rep. 705; Bishop v. Chillingworth, 120 Fla. 740, 163 Sou. Rep. 93; Kirkland v. City of Gainesville, 122 Fla. 765, 166 Sou. Rep. 460.

The plaintiff's motion for a new trial contains fifty-three separate grounds, and, broadly speaking, may be classified under: (a) the verdict is contrary to the weight of the evidence; (b) the verdict is contrary to the law; and (c) the court erred in instructing the jury at the request of the defendant. The question for consideration here is: Did the lower court abuse his judicial discretion in setting aside the verdict and granting plaintiff's motion for a new trial? The motion for a new trial is addressed to the sound legal discretion of the trial court. This question was considered in the case of Warner v. Goding, 91 Fla. 260, text pages 264-5, 107 Sou. Rep. 406, where the Court said:

" 'It is in the discretion of the court in some cases to grant a new trial, and this must be a judicial and not an arbitrary discretion; and it is frequent in our books for the court to take notice of miscarriages of juries, and to grant new trials upon them. And it is for the people's benefit that it should be so, for a jury may sometimes, by indirect dealings, be moved to side with one party, and not to be indifferent betwixt them; but it cannot be so intended of the court.' " * * *

"A new trial is a reexamination of an issue of fact by the same court. It is generally a retrial of the issue by another jury, but they may be tried again by the court or referee as

on the first trial. 20 R. C. L. 217; 14 Ency. Pl. & Pr. 715. A new trial is not a matter of right in this State, but is addressed to the sound legal discretion of the trial court and should be granted only when substantial rights have been so violated as to make it reasonably clear that a fair trial was not had. For the purpose of such showing there is no limit to the number or character of the grounds that may be presented and urged in support of said motion. Carter v. Bennett, 4 Fla. 282; Moses v. Gilchrist, 14 Fla. 325; Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 South. Rep. 1; Bishop v. Taylor, 41 Fla. 77, 25 South. Rep. 287; Ruff v. Georgia, S. & F. R. Co., 67 Fla. 224, 64 South. Rep. 782."

The evidence shows that Fred F. Faxon and Milton Hundley were each present at the junction of Seventh Avenue and Fourteenth Street at the time of the collision and that the milk truck did not stop at the stop sign as required by the ordinances of the City. The plaintiff was driving his car at 12 or 15 miles per hour when it turned into Seventh Avenue. The Ford car turned over about twice and "I helped plaintiff in a car and assisted in getting him in a hospital and was away from the scene about fifteen minutes and upon my return the truck driver was still there." Charles Connelly, a policeman, went to the scene of the accident and gave testimony of the location of the car and truck, their condition and described the physical facts as observed by him immediately after the collision. There was a conflict in the evidence as to whether or not the plaintiff was drunk or drinking when the accident occurred. Some two or three witnesses of plaintiff's wife's family testified hearing plaintiff say when the accident or collision occurred he was drunk. The driver of the truck denied all negligence imputed at the place of the collision. Photographs were offered in evidence and a plat or map of the *locus in quo.*

The court instructed the jury on the law controlling the issues submitted and commented upon each of the 24 pleas filed by the defendant. The court further charged the jury at the request of the defendant in 43 separate instructions containing 17 typewritten pages. There can be no question about these 43 special instructions covering 17 typewritten pages creating confusion, uncertainty and bewilderment to such an extent that the search for truth and justice in this cause proved unsuccessful. It is questionable if a trained legal mind could grasp all the issues submitted to the jury. The administration of justice required that the issues should be simplified by a court order and full instruction to the jury thereon covering each phase of the case without unnecessary prolixity. It is very probable the lower court had such a course in mind when granting the motion for a new trial.

In the case of Miami Transit Co. v. Mowrey, 103 Fla. 840-841, 138 Sou. Rep. 481, this Court said:

"This Court has several times held that:

" 'There are so many matters occurring in the course and progress of a judicial trial that, in the opinion of the judge who tried the case, may affect the merits and justice of the cause to the substantial injury of one of the parties, that of necessity a large discretion should be accorded to the trial court in granting a new trial to the end that the administration of justice may be facilitated; and the appellate court will not reverse an order granting a new trial, unless it clearly appears that a judicial discretion has been abused in its exercise, resulting in injustice, or that the law has been violated. * * *'

"It thus appears that it requires a very strong showing to authorize the appellate court to reverse an order of a trial court granting a new trial. Applying the above quoted

rule, we cannot say that it clearly appears that the trial court was guilty of reversible error in granting a new trial in this case."

"See Ruff v. G. S. & F. Ry. Co., 67 Fla. 224, 64 So. 782; Huston v. Green, 91 Fla. 434, 108 So. 846, and cases cited."

We do not think there was an abuse of judicial discretion in entering the order for a new trial in this cause. The order reviewed here is affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

ELLIS, C. J., and BROWN, J., dissent.