STATE v. JOHN D. STALLINGS.

(Filed 24 January, 1925.)

**Highways—Automobiles—Speed Regulations—Crossings—Municipal Corporations—Cities and Towns—Ordinances.**

Our statute regulating traffic at public crossings applies to the streets of a city or town, and requires that a person operating a motor vehicle must have it under control and operate it with due regard to traffic and to the safety of the public, and cross the intersecting street at a speed not exceeding ten miles an hour; and a town ordinance that requires him to come to a full stop before crossing certain streets, irrespective of traffic conditions at the time and place, is in conflict with the statute. C. S., 2616, 2601.

APPEAL by defendant from *Bond, J.,* at September Term, 1924, of VANCE.

The defendant was prosecuted for a breach of the following ordinance of the city of Henderson: "It shall be the duty of all drivers of automobiles, and other vehicles, before entering Garnett Street and Williams Street and Chestnut Street, from intersections, to come to a stop and get the right of way before entering either Garnett or Williams or Chestnut Street." Said ordinance was adopted in the year 1921.

The jury returned this special verdict: "The defendant, in May, 1924, drove a motor driven vehicle along Breckenridge Street to and across Chestnut Street, both being residential streets in the city of Henderson, N. C., without stopping before entering Chestnut Street. No other vehicle was passing the point on either street at said time. Said street and crossing are embraced in the ordinance of the city, requiring all vehicles on Breckenridge Street at said crossing to stop before entering and crossing Chestnut Street. At said crossing there was a sign, plainly painted with the words 'Through Street, Stop.' If your Honor shall be of opinion that defendant is guilty upon the foregoing facts, we find him guilty, otherwise we find him not guilty."

The defendant was adjudged to be guilty. From the judgment pronounced he appealed, assigning error.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*T. T. Hicks & Son and A. A. Bunn for defendant.*

ADAMS, J. In section 2616 (ch. 55) of the Consolidated Statutes is the following provision: "Upon approaching a pedestrian who is upon the traveled part of any highway, and not upon a sidewalk, and upon approaching an intersecting highway or a curve, or a corner in a highway where the operator's view is obstructed, every person operating a motor vehicle shall slow down and give a timely signal with his bell, horn, or other device for signaling. Upon approaching an intersecting highway, a bridge, dam, sharp curve, or deep descent, and also in traversing such intersecting highway, bridge, dam, curve, or descent, a person operating a motor vehicle shall have it under control and operate it at such speed, not to exceed ten miles an hour, having regard to the traffic then on such highway and the safety of the public." Section 2601 (ch. 55) provides that no governing board of any city or town shall pass or have in effect or in force any ordinance contrary to the provisions of the chapter containing these sections.

The words "intersecting highway" have been construed as applying to public streets; also to railroads, although within the corporate limits of a city. *Manly v. Abernathy,* 167 N. C., 220; *Hinton v. R. R.,*

172 N. C., 587. It is evident, then, that the ordinance is invalid if it antagonizes the State law; for we have held that an ordinance was void which purported to reduce the speed of motor vehicles below the maximum speed fixed by the General Assembly. *S. v. Freshwater,* 183 N. C., 762.

To say that the ordinance of the city of Henderson is a traffic and not a speed regulation; or, if we declare the ordinance void, that the city cannot regulate or control the use of one-way streets, or the movement of vehicles under the direction of police officers, would indicate, we think, a misapprehension of the scope and purpose of the statutes which we have cited. The ordinance is void only so far as it may conflict with the State law. To what extent are the ordinance and the State law inconsistent?

The statute provides that upon approaching an intersecting highway a person operating a motor vehicle must have it under control, and that he must operate it with due regard to the traffic and the safety of the public. Under some conditions he may travel at a rate of speed not exceeding ten miles an hour; under other conditions the congested traffic or the safety of the public may demand, not only a "slow-down," but a full stop. When he has proper notice of circumstances calling for a reduction of speed below the maximum prescribed in the statute, whether by his own observation, the warning of a police officer, or otherwise, he must strictly conform his conduct to the requirements of the State law. He is permitted by the State law to enter upon and go across an intersecting highway at a speed not exceeding ten miles an hour unless due regard to the traffic or to the safety of the public requires a reduction of the speed; but the ordinance in question deprives him of this right by prescribing an arbitrary rule that he shall always and under all circumstances stop his vehicle before entering Garnett, Williams, or Chestnut Street. To this extent the ordinance is inconsistent with the statute and therefore not enforcible. Although a railroad is a highway (*Hinton v. R. R., supra*), an amendment of the statute was necessary in order to compel the operator of a motor vehicle to bring it to a full stop before crossing or attempting to cross a railroad track. Public Laws 1923, ch. 255.

In the discussion of an ordinance which required the operator of a motor car to come to a full stop before crossing an intersecting street the Supreme Court of Illinois said: "The ordinance in question shows on its face that it is clearly an ordinance limiting and regulating the speed at which motor vehicles may cross boulevards within the control of the park commissioners. The object and purpose of causing the vehicle to come to a full stop is to insure its proceeding across the boulevard at a rate of speed less than 6 miles an hour. It is clear that it has nothing to do with the regulation of traffic, for the reason that the

amount or character of traffic on the boulevard is not taken into consideration. The ordinance requires vehicles to come to a full stop at every intersection, regardless of the amount or character of traffic using the boulevard at that particular point. Such a regulation would have no basis in reason, where the boulevard passes through a sparsely populated section, or where the traffic on the boulevard is unusually light. The primary and paramount object in establishing streets and highways is for the purpose of public travel, and the public and individuals cannot be rightfully deprived of such use. This right to use the highways and streets for purposes of travel is not, however, an absolute and unqualified one. The right may be limited and controlled by the State, or by a municipality under its authority derived from the State, in the exercise of its police power, whenever necessary to provide for and promote the safety, peace, health, morals, and general welfare of the people, and is subject to such reasonable and impartial regulations adopted pursuant to this power as are calculated to secure to the general public the largest practical benefit from the enjoyment of the easement and to provide for their safety while using it." . . . If an ordinance requiring all motor vehicles to stop before crossing a boulevard at every point where such boulevard intersects a street is valid as a traffic regulation, then an ordinance requiring a motor vehicle to stop at every street intersection in the city is a valid traffic regulation. Such an ordinance would not regulate traffic, but would tend to congest traffic, and would not promote the safety or the welfare of the public." *Elie v. Adams Express Co.*, 133 N. E., 243. The ordinance was declared void. The authorities are collected and intelligently discussed in a note appended to *Ex parte Daniels*, 21 A. L. R., 1186.

With characteristic frankness the Assistant Attorney-General, who argued the case on behalf of the State, expressed the opinion that the ordinance is inconsistent with the State law and for that reason invalid. We concur in his opinion. As we see it the ordinance is void and the verdict and judgment cannot be upheld.

Error.