A. HOIGARD, Defendant in Error, *vs.* THE YELLOW CAB COMPANY, Plaintiff in Error.

*Opinion filed February 18, 1926.*

1. MUNICIPAL CORPORATIONS—*provision of Chicago ordinance regulating speed of motor vehicles approaching car lines is invalid.* The provision of section 3823 of the municipal code of 1922 of the city of Chicago limiting the speed of motor vehicles approaching street car lines to ten miles per hour is invalid as being inconsistent with the provisions of the Motor Vehicle law, as the ordinance applies to all sections of the city wherever street cars are operated, regardless of the kind or amount of traffic, while the State law provides different rates of speed for business, residential and sparsely built-up portions of the city.

2. NEGLIGENCE—*when motion to find for defendant should not be allowed.* Although the court, in hearing a case without a jury, has erroneously admitted in evidence an invalid ordinance which tends to relieve the plaintiff of any contributory negligence, the defendant's motion to find it not guilty, on the theory that the ordinance is invalid and that the plaintiff was guilty of contributory negligence, should not be allowed, where it cannot be said from the competent evidence in the case, as a matter of law, either that the plaintiff was guilty of contributory negligence or that the defendant was not guilty of negligence.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. ALBERT B. GEORGE, Judge, presiding.

BLAKE & LEVINSON, (HARRIS J. BLAKE, JR., of counsel,) for plaintiff in error.

McCORMICK, KIRKLAND, PATTERSON & FLEMING, (WEYMOUTH KIRKLAND, and WILLIAM H. SYMMES, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

About two o'clock in the afternoon of February 3, 1924, a delivery truck belonging to A. Hoigard, driven by a chauffeur in his employ, was proceeding south on Wentworth avenue, in the city of Chicago, at the rate of eighteen or twenty miles an hour approaching Thirty-seventh street, which crosses Wentworth avenue at right angles. When about ten feet north of the street intersection the chauffeur saw a taxicab of the Yellow Cab Company going east at the same rate of speed on Thirty-seventh street, about fifty feet west of the intersection. He blew his whistle and kept on going, slowing down to fourteen or fifteen miles an hour. The taxicab slowed down, then picked up speed and hit the rear wheel of the truck when it was more than half way across Thirty-seventh street. The owner of the truck sued the owner of the taxicab in the municipal court of Chicago for damages to the truck caused by the collision. The case was tried by the court without a jury. At the close of the plaintiff's evidence the defendant moved for a finding in its favor on the ground that the plaintiff was guilty of contributory negligence, but the court overruled the motion, and, no evidence being offered by the defendant, rendered a judgment for $130.55 in favor of the plaintiff. The defendant has brought the case to this court by writ of error, the trial judge having certified that the validity of a municipal ordinance was involved and that in his opinion the public interest required that the cause should be taken directly to the Supreme Court.

The plaintiff in error contends that the evidence is not sufficient to sustain a judgment, and that the court should have directed a verdict in its favor because of the contribu-

tory negligence of the defendant in error's chauffeur. Preliminary to this question is the question of the competency of the ordinance in question, which was admitted in evidence over the plaintiff in error's objection that it was unconstitutional because in contravention of section 22 of the Motor Vehicle law, relating to speed. (Smith's Stat. 1923, p. 1824.) The objection itself shows that no constitutional question is involved in the case, but only the question of the validity of the ordinance because of the city's lack of statutory authority to pass it. The section of the ordinance admitted was section 3823 of the municipal code of 1922, which is as follows:

"Sec. 3823. *Vehicles approaching boulevards and car lines.*—It shall be unlawful for any person, firm or corporation, driving or operating any vehicle propelled by animal or other power upon the public streets or alleys of the city, to drive or cause same to be driven onto any boulevard or onto any driveway or roadway of any boulevard within the limits of the city, without first bringing such vehicle to a, full and complete stop. And it shall also be unlawful for any person, firm or corporation, driving or operating any motor vehicle, motor truck or motorcycle upon any public street or alley in the city, to drive or cause such vehicle to be driven at a speed of more than ten miles per hour onto or across any other street within the limits of the city on which a street car is operating. Any person, firm or corporation violating any of the provisions of this section shall be fined not less than one dollar nor more than two hundred dollars for each offense."

Section 2 of the Motor Vehicle act classified motor vehicles into two divisions: First, those designed and used for carrying not more than seven persons; and second, those designed and used for pulling or carrying freight and those designed and used for the carrying of more than seven persons. Section 22 provides that no person shall drive a vehicle of the first division upon any public highway at a

speed greater than is reasonable and proper, having regard to the traffic and the use of the way, or so as to endanger the life or limb or injure the property of any person. It further provides that if the rate of speed of any motor vehicle operated upon any public highway exceeds ten miles an hour where such highway passes through the closely built-up business portions of any city, or exceeds fifteen miles an hour where such highway passes through the residence portions of any city, or exceeds twenty miles an hour on any public highway outside the closely built-up business portions and the residence portions of any city, such rate of speed shall be *prima facie* evidence that the person operating such motor vehicle is running at a greater rate of speed than is reasonable and proper, having regard to the traffic and the use of the way, and so as to endanger the life and limb or injure the property of such person. By section 26 it is enacted that "except as in this section provided, no city, town or village or other municipality shall have power to make any ordinance, by-laws or resolutions limiting or restricting the speed of motor vehicles or motor bicycles, and no ordinance, by-law or resolution heretofore or hereafter made by any city, village or town or other municipal corporation within this State, by whatever name known or designated, in respect to or limiting the speed of motor vehicles or motor bicycles shall have any force, effect or validity, and they are hereby declared to be of no validity or effect: *Provided,* that nothing in this act contained shall be construed as affecting the power of municipal corporations to make and enforce ordinances, rules and regulations affecting motor trucks and motor-driven commercial vehicles used within their limits for public hire, or from making and enforcing reasonable traffic, and other regulations except as to rates of speed not inconsistent with the provisions hereof." Section 33 of the same act provided that "all vehicles traveling upon public highways shall give the right of way to other vehicles approaching along intersecting highways

from the right, and shall have the right of way over those approaching from the left: *Provided, however,* that police vehicles, fire departments, vehicles transporting United States mail, and ambulances shall have the right of way over other vehicles: *And provided, also,* that incorporated cities, having a population of more than 10,000 inhabitants, may designate certain streets or boulevards as preferential traffic streets, and prescribe rules regulating traffic upon, crossing over, or turning into such streets or boulevards."

No other ordinance was introduced designating Wentworth avenue as a preferential traffic street or prescribing rules regulating traffic upon it. The validity of the ordinance depends upon the question whether or not it is a reasonable traffic regulation, not inconsistent with the provisions of the Motor Vehicle act as to rates of speed. The ordinance on its face is an ordinance regulating the speed of motor vehicles crossing streets on which street cars are operated. The rate of speed is inconsistent with the provisions of the Motor Vehicle act, for, while the limitation is not less than that which the act declares *prima facie* evidence of an unreasonable rate of speed through the closely built-up business portions of the city, the ordinance applies to all streets throughout the city on which street cars are operated, and its application is not controlled by traffic conditions at the intersections but the ordinance applies to all intersections, regardless of the amount or character of the traffic. The mere existence of a street car track, without any reference to the kind or amount of the traffic, makes the ordinance applicable, however sparse may be the population of the district or however light may be the traffic on the street. In the case of *Elie* v. *Adams Express Co.* 300 Ill. 340, the validity of an ordinance similar to the one here in question was involved. It was said that to hold such an ordinance valid as a regulation of traffic it must show on its face that it was passed for the purpose of regulating traffic, that traffic conditions requiring regulation are the

basis of the regulations imposed, and that ordinances designed to regulate traffic must make a reasonable classification of the points within the jurisdiction of the municipality where the regulation shall be effective. The ordinance in that case was held invalid and the ordinance here is subject to the same objection. It was error to admit it in evidence.

It does not follow that the court should have allowed the plaintiff in error's motion to find it not guilty. On such a motion the evidence must be taken in the light most favorable to the plaintiff, and, viewing it in that light, it cannot be said from the evidence in this case, as a matter of law, either that the defendant in error was guilty of contributory negligence or the plaintiff in error was not guilty of negligence. If the case had been tried by a jury, the court, on the facts shown by the evidence, would not have been authorized to direct the verdict. From the fact that the court admitted the ordinance in evidence it must be assumed that in the determination of the case he regarded the ordinance as a lawful limitation of the rate of speed regardless of the character of the neighborhood, and that, perhaps, in view of the distance of the respective vehicles from the street intersection, he regarded the ordinance as affecting the duty of the driver of the truck to give the right of way to the cab driver and as affecting the care required of the respective drivers. It is impossible to say how far the court's erroneous views of the law affected or contributed to his decision. In any event, the question of liability cannot be determined on this record as a matter of law.

The judgment is reversed and the cause is remanded to the municipal court.            *Reversed and remanded.*