THE DUVAL LUMBER COMPANY, a Corporation, v. R. N. SLADE. THE DUVAL LUMBER COMPANY, a Corporation, v. JOHN A. SLADE.

2 So. (2nd) 371
En Banc
Opinion Filed May 20, 1941

*Coe & McLane,* for Plaintiff in Error;

138

*Merritt & Brown,* for Defendants in Error.

BUFORD, J.—Writ of error brings for review judgment in favor of plaintiffs in tort action for damages sustained in an automobile collision.

There is but one question presented, which is stated as follows:

"Where the duly enacted municipal ordinances govern the speed of traffic on the streets of a city, without exception, are they applicable to a street over which is routed a State highway through the residential portion of the city?"

The accident occurred on North Palafox Street in the City of Pensacola. Where the accident occurred North Palafox Street is designated as a State Highway. Section No. 744 and Section No. 752 of the printed code of ordinances of the City of Pensacola were offered in evidence by the defendant. These sections are as follows:

"Sec. 744. All streets shall be classified as business streets and residence streets as follows: Business streets shall include the portions of Palafox, and Baylen and Tarragona Streets south of Wright Street, and Garden Street and all other streets and portions of streets south of Garden Street, and between the eastern line of Alcaniz Street and the western line of Baylen Street. Residence streets shall include all streets and portions of streets not herein classified as business streets.

"Sec. 752. The following speed rates are hereby established for motor vehicles using the streets of the City: 12 miles per hour on business streets. 8 miles per hour at crossings on business streets. 20 miles per hour on residence streets. 10 miles per hour at crossings on residence streets."

The court admitted Section No. 744 and it was shown that the place where the accident occurred on North Palafox Street was within the classified area of residence streets. The court declined to allow Section 752 introduced upon the theory that its application to the locus in quo was contrary to the provisions of Section 1 of Chapter 10186, Acts of 1925, appearing as Section 1318 C. G. L., and Section 6 of the Act of 1925, *supra*, appearing as Section 1323 C. G. L. *Inter alia*, Section 1318, *supra*, provides:

"Provided, that a rate of speed in excess of twenty-five miles per hour in the residence portion of any city, town or village, and a rate of speed in excess of fifteen miles per hour in the business portion of any city, town or village, and a rate of speed in excess of forty-five miles per hour on any public highway outside of the corporate limits of any incorporated city or town of motor driven vehicles weighing less than five thousand pounds shall be deemed *prima facie* evidence of reckless driving."

Plaintiff in error relies on the case of Town of Atlantic Beach v. Oosterhoudt, 127 Fla. 159, 172 Sou. 687, as authority for the contention that the court was in error in excluding Section 752 of the Ordinance. The opinion in that case shows that the Court recognized and considered a peculiar and unusual condition which existed at the locus in quo and also considered the special provisions of the legislative Act granting to the municipality the right to exercise police power over the beach involved in connection with the purpose for which the beach might be lawfully used. That locus in quo was a natural driveway which the Legislature had declared to be a public highway but it was not a part of the State highway system and we

construe the provisions of Section 1318 and Section 1323, *supra,* to apply to State highways passing through cities, towns or villages and not to apply to public streets or public highways of a city which are not a part of the State highways.

The regulation of traffic on public streets or highways is in the exercise of the sovereign police power. The municipality acquires its right to exercise the sovereign police power by statute and it is elementary that the State Legislature may delegate to, or withhold from, the municipality the exercise of such sovereign power as it may deem wise and expedient. Therefore, it was within the province of the Legislature to enact Section 1323, *supra.*

It is well settled that any traffic regulation adopted by city ordinance which is in conflict with, or is inconsistent with, the State regulation on the same subject matter is invalid. See 42 C. J. 618, Sec. 21; *Ex Parte* Daniels, 183 Cal. 636, 192 Pa. 442; Jones v. Stokes, 145 Ga. 745, 89 S. E. 1078; Hartje v. Moxley, 235 Ill. 164, 85 N. E. 216; Wilson v. Moudy (Tenn), 123 S. W. (2) 828; Schneiderman v. Sesanstein, 121 Ohio St. 80, 167 N. E. 158; and numerous other cases cited in note 47, 42 C. J., page 618. See also Mendel v. Dorman, 202 Ky. 29, 258 S. W. 936; Hoigard v. Yellow Cab Co., 320 Ill. 317, 150 N. E. 911; State v. Stallings, 189 N. C. 104, 126 S. E. 187.

This rule would be applicable without the affirmative provisions contained in Section 1323, *supra,* but here the general state law not only is in conflict with the involved ordinance, but the general law or Sec. 1323, *supra,* has specifically prohibited the adoption of such an ordinance by a municipality insofar as the same applies to State highways.

No reversible error appearing in the record, the judgment should be and is affirmed.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN, THOMAS and ADAMS, J. J., concur.