**JAMES L. HOWLAND v. J. J. CATES**

34 So. (2nd) 562            January Term, 1948
March 9, 1948                    En Banc
Rehearing denied April 20, 1948

*Sam E. Murrell,* for appellant.

*Maguire, Voorhis & Wells, M. W. Wells* and *Ernest F. Householder,* for appellee.

PER CURIAM:

After a careful consideration of this controversy the conviction is reached that the issues formed by the declaration and pleas should have been submitted to the jury and that the court was not justified in directing a verdict; therefore the cause is remanded for a new trial.

THOMAS, C. J. TERRELL, CHAPMAN and SEBRING, JJ., concur.

ADAMS and BARNS, JJ., dissent.

ADAMS, J., dissenting:

This was an action for wrongful death. The case was tried on pleas of not guilty and contributory negligence.

When the evidence of both plaintiff and defendant was in, the court indicated that a motion would be granted for a directed verdict whereupon plaintiff elected to take a non- suit with bill of exceptions.

The question for us to determine is whether decedent's conduct, in some appreciable manner, contributed to her own death.

We presume that the action of the lower court is correct. Stevens et al. v. Tampa Electric Company, 81 Fla. 512, 88 So. 303.

The injury occurred in the City of Winter Park on a state highway where traffic is heavy. At that point the road is 40 feet wide. Decedent was crossing the road around 8 o'clock in the evening. Defendant's car had passed through a green traffic light almost 200 feet away, traveling about 20 miles per hour but as it approached it gained speed. Decedent was elderly but suffered no physical impairment which would preclude her from apprehending and avoiding danger. She was not crossing at a regular crossing for pedestrians. At the time she apparently sensed danger as she grasped the hand of her sister who accompanied her and they began to run but failed to clear the path of the oncoming car.

The trial judge heard the witnesses and was convinced that the decedent's own carelessness contributed to her untimely death. In view of the entire evidence, we cannot say that the lower court was clearly in error. Ordinarily contributory negligence is a jury question. This, however, presented a factual picture to the trial judge where reasonable men could not entertain a contrary opinion that the unfortunate lady failed to exercise reasonable care for her own safety and that because of that neglect she thereby contributed to her untimely death.

BARNS, J., concurs.