The plaintiff instituted a suit to recover for the wrongful death of his wife as the result of the alleged negligent operation of a motor vehicle by the defendant. The case was tried on the declaration and pleas of not guilty and contributory negligence. *Page 849 
After all the evidence was in, the trial court indicated that a motion for a directed verdict would be granted in favor of the defendant because of the fact that the evidence showed as a matter of law that the decedent has contributed to her own injury. The plaintiff thereupon elected to take a "non-suit with bill of exceptions" and thereafter prosecuted an appeal to this court. After a careful consideration of the record a majority of the court reached the conclusion that the issue of contributory negligence should have been submitted to the jury, and sent the case back for a new trial. See Howland v. Cates, 160 Fla. 275, 34 So.2d 562. The second trial resulted in a jury verdict in favor of the defendant and the plaintiff has appealed from the judgment entered thereon.
The first contention of the plaintiff is that the trial court committed reversible error in entering an order granting a motion to strike his motion for new trial.
The record reveals that the verdict in favor of the defendant was rendered on November 17, 1948. On November 22, 1948, five days after the rendition of the verdict but within the term, the trial judge, with the consent of the defendant, entered an order allowing the plaintiff to and including December 2, 1948 within which to make and present a motion for new trial. The motion for new trial was filed with the circuit judge on December 2, 1948 and by him marked "presented before me December 2, 1948", and a copy of the motion was served on the defendant on the same day. Subsequently, on December 22, 1948 the defendant filed a motion to strike the motion for new trial, on the ground "that at no time within fifteen * * * days prior * * * to December 2, 1948, nor at any time [prior] * * * to November 17, 1948, (the date on which verdict for defendant was rendered) has the defendant or his attorneys been served with `three days' notice of the time and place that the [motion for new trial] * * * will be presented and heard [by the trial judge, as required by section 54.24, Florida Statutes, 1941, F.S.A.]."
On December 23, 1948 the plaintiff mailed to defendant's counsel a notice that the motion for new trial would be called up for hearing before the trial judge on January 4, 1949. On this latter date the trial judge granted the motion to strike the motion for new trial, and it is the order entered on the motion that is assigned as error.
It is plain to us that under the controlling decisions the trial judge did not commit reversible error in entering the order on the motion to strike. A case in point is Bishop v. Chillingworth, 120 Fla. 740, 163 So. 93, 94. There it appears that a verdict was rendered in favor of the plaintiffs on February 9, 1933 and that on February 13, 1933 the defendants made their motion for an extention of time to file and present their motion for new trial. The motion was granted and an order was entered accordingly allowing the defendants until February 20, 1933 to file, make and present their motion for new trial. On February 20, 1933 defendants made and filed with the clerk of the circuit court their motion for a new trial.
On February 25, 1933 the defendants gave the plaintiffs notice of a hearing on the motion for new trial before the trial judge for March 1, 1933. The trial judge could not hear the motion on the date set and postponed the hearing until March 8, 1933. On that date the motion for new trial was presented to the trial judge pursuant to the notice theretofore given the plaintiffs, whereupon the plaintiffs presented their counter motion to strike defendant's motion for a new trial on the ground, among others, that no copy of the motion for new trial, together with three days' notice of the time when, and the place where, same would be presented and heard, had been served on plaintiffs or their counsel, as required by the statute regulating the filing and presentation of motions for new trial. See Section 4498(2811), C.G.L., 54.24, Florida Statutes 1941, F.S.A. The motion to strike the motion for new trial was granted, and on review of the order by this court it was held:
"The statute provides:
"`Motions for new trials in civil cases shall be made within four days after the *Page 850 
rendition of the verdict and during the same term, but the judge upon cause shown may, within such four days and during the same term, by order extend the time for the making and presentation of such motions, not to exceed fifteen days from the rendition of the verdict. In all cases of extension of time for making such motions, a copy of the motion to be presented to the judge shall be served on the opposite party, or his attorney, with three days' notice of the time and place that the same will be presented and heard.' * * *
"The affidavit of plaintiff's counsel states that the motion and notice of its presentation and hearing was not served on plaintiff or any of his attorneys previous to February 25, 1933.
"If the required copy of the motion with three days' notice of the presentation of the motion to the judge on February 20, 1933, had been duly served before February 20, 1933 [the date to which the trial judge had extended the time for filing and presenting the motion for new trial], the hearing at a later date would not have rendered the motion ineffective.
"In so far as the statute regulates the making and presentation of motions for new trials, a compliance with such regulations is a prerequisite to the effectiveness of such motions. The principle just stated extends to a service of a copy of the motion and to the three days' notice required of the presentation. Due presentation of the motion to the judge includes the notice required to be given of the presentation and a service of a copy of the motion to be presented. Even if such service of copy and notice was intended only for the benefit of the opposite party, and may be waived, such opposite party has not waived the statutory requirement, of due presentation, but insisted that the statute was not complied with, and that the motion should be stricken. * * *
"The service of notice on February 25, 1933, of a hearing on the motion March 1, 1933, did not cure the failure to serve a copy of the motion and a notice of its presentation to the judge three days before February 20, 1933, the day fixed by order under the statute `for the making and presentation of such motion.'
"The court is not shown to have erred in striking the motion for new trial." See also DeSoto Holding Co. v. Boyer, 85 Fla. 517, 97 So. 205; Warner v. Goding, 91 Fla. 260, 107 So. 406; Citizens' Bank v. Williams, 91 Fla. 589, 110 So. 252; Adams v. Wolf, 103 Fla. 547, 137 So. 705.
The motion for new trial having been properly stricken by the trial judge the question arises as to what assignments of error, if any, may be considered by this court on this appeal.
Section 54.24, Florida Statutes 1941, F.S.A., provides that "In motions for new trials it shall not be necessary to incorporate any matter in pais previously excepted to, for the purpose of having the same reviewed by the appellate court." Section 59.07, Florida Statutes, 1941, as amended by section 7, chapter 22854, Acts of 1945, F.S.A. § 59.07, provides:
"(1) Adverse rulings. — Upon all appellate proceedings the appellate court shall review, without exception having beentaken at the trial, any question of law involved in any adverse ruling, order, instruction or thing whatsoever said or done at the trial or prior thereto or after verdict, which thing was said or done after objection made and considered by the trial court, and which affected the substantial rights of the party complaining and which is assigned as error and thereupon the appellate court may reverse, affirm or modify the judgment, decree or order appealed from, and may set aside, affirm, or modify any and all the proceedings, decree or order, and may, if proper, order a new trial or rehearing.
"(2) Jury instructions. — It shall not be necessary for a party to object to the giving of any charge by the court or to the refusal to give any charge requested in writing."
When these statutes are construed together, as we think they must be, it is plain that while prior to the enactment of chapter 22854 it was necessary for the losing party to except to adverse rulings made during the trial if he desired to *Page 851 
have alleged errors in pais reviewed by the appellate court, Warner v. Goding, 91 Fla. 260, 107 So. 406, such exceptions are no longer necessary; provided the proper foundation for the consideration of such questions is duly laid in the trial and appellate proceedings. Under the new statute, chapter 22854, the losing party may secure a review of all questions of law involved in any adverse ruling arising during the course of the trial, even though not included in the motion for new trial, under the following conditions: Where the question arises as the result of charges given by the trial court of its own motion or at the request of the adversary, or as the result of the refusal of the trial court to give charges requested by the losing party in writing, the losing party may secure a review thereof without having objected thereto at the trial, or having excepted to the ruling; provided the giving or refusal to give the charge is properly assigned as error and embodied in the transcript of the record brought here on appeal. Where the question arises as the result of any "adverse ruling, order, instruction or thing whatsoever said or done at the trial" (other than a question arising from the giving or refusal to give a charge) the losing party may secure a review thereof; provided a timely objection has been made at the trial and a ruling secured thereon by the trial court; provided, further, that the losing party has thereafter properly assigned the ruling as ground of error, and the matter to which the objection was made, the objection interposed, and the ruling made on the objection, have been properly embodied in the transcript of the record brought here on appeal.
The first assignment of error urged by the appellant as falling within the rule stated is with respect to a question propounded by plaintiff's counsel to one of the witnesses for the plaintiff who was present at the scene of the accident at the time of the fatal collision. After being examined and cross-examined at length and having given his version of the accident, the witness was asked by plaintiff's counsel on redirect examination: "Was there anything that the defendant could have done to avoid hitting the ladies?" An objection was sustained to this question on the ground that it called for a conclusion of the witness, and the adverse ruling thereon is assigned as error.
The trial judge did not err in this ruling. The question attempted to have the witness express a personal opinion on one of the material issues of fact presented by the pleadings and evidence, after the witness had already clearly and fully and as definitely as he knew, stated the facts with respect to the accident. An answer to the question would have been nothing more than a mere conclusion on an issue which it was the province of the jury to settle, on competent evidence and not on bald conclusions or personal opinions. See Camp v. Hall, 39 Fla. 535, 22 So. 792.
The next assignment of error deals with the action of the trial court in excluding from the consideration of the jury a certified copy of a city ordinance offered in evidence by the plaintiff.
The record shows that during the course of the trial the plaintiff placed in evidence, over objection of the defendant, a certified copy of an excerpt from an ordinance of the City of Winter Park, Florida, which provided: "It shall be unlawful for any person to drive or operate any vehicle in a reckless manner at such a rate of speed as to endanger pedestrians * * * and the operation of any vehicle at a rate of speed greater than 15 miles an hour within the fire limits and 25 miles without the fire limits shall be prima facie evidence that said vehicle was operated in a reckless manner." After all the evidence was in but before the argument of counsel and the court's charge on the law, the court instructed the jury: "Gentlemen, the Court has reversed its ruling upon the admissibility of the ordinance in evidence, that which was testified and received and read to you, and it is no longer in evidence, and the Court instructs you that you shall disregard the ordinance which was read to you and not consider that any further in the case."
This statement of the court was an instruction to the jury with respect to what *Page 852 
evidence they should consider when they retired to the jury room, not a charge on the law of the case, and hence it was necessary under section 7 of chapter 22854, Acts of 1945, that anobjection be made by the plaintiff if he desired to procure a review of the ruling on an appeal. The record shows that no objection was interposed by counsel for the plaintiff and therefore we have no authority to review the ruling made.
But even if we assume that the ruling of the court constituted, not an instruction to the jury, as to which an objection would have been necessary in order to secure a review of the point, but a charge on the law, as to which the interposition of an objection would not have been necessary, that fact would not avail the plaintiff, for the act of the trial judge in removing the ordinance from the consideration of the jury did not constitute reversible error.
Section 317.22, Florida Statutes 1941, F.S.A., states: "(1) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care. (2) Where no special hazard exists the following speeds shall be lawful but any speed in excess of said limits shall be prima facie evidence of reckless driving: (a) Twenty-five miles per hour in any business or residence district. * * *"
No attempt was made by the plaintiff to show that the city ordinance came under the school zone exception of section 320.55, supra, and that the accident occurred within a school zone of the municipality. In the absence of a showing of such an exception, the ordinance was in conflict with the controlling statute and should not have been received in evidence in the first place; hence there was no error in striking it. As stated in Duval Lumber Co. v. Slade, 147 Fla. 137, 2 So.2d 371, 372: "It is well settled that any traffic regulation adopted by City Ordinance which is in conflict with, or is inconsistent with, the State regulation on the same subject matter is invalid. * * * This rule would be applicable without the affirmative provisions contained in Section 1323, supra [this being section 320.55, Florida Statutes, 1941, F.S.A. as amended], but here the general state law not only is in conflict with the involved ordinance, but the general law or Section 1323, supra, has specifically prohibited the adoption of such an ordinance by a municipality insofar as the same applies to State Highways."
The remaining assignments of error are directed to adverse rulings of the trial court in giving charges at the request of the defendant or of its own motion and in refusing to give charges requested by the plaintiff in writing.
We have given these assignments due consideration and have concluded that they are without merit. The evidence in the case was in conflict on material issues, and it was the province of the trial jury to resolve these conflicts under proper charges from the court as to the controlling principles of law. These charges were fairly and fully given on every material phase of the case. The jury determined the conflicts in favor of the defendant and against the plaintiff, and the verdict is supported by substantial evidence.
It follows that the judgment appealed from should be affirmed.
It is so ordered.
ADAMS, C.J., and CHAPMAN, J., concur.
HOBSON, J., concurs specially.