DOWNEY, Chief Judge,
Concurring specially:
The issue involved in this appeal is whether it is reversible error to admit opinion testimony bearing upon one of the material issues in the case from a lay witness.[1] One of the primary questions the jury was called upon to decide was whether appellee had the opportunity to avoid a collision with appellant after appellant had turned his automobile in front of appellee’s motorcycle. The eye witness in question gratuitously stated that there was not enough room for appellee to do anything to miss appellant. No objection was offered to this statement. Shortly thereafter the witness stated, “But at the time I would say he definitely, he didn’t have a chance.” No objection was made to that statement. The witness was then asked, obviously by plaintiff’s counsel, “Do you want to talk right into there? He didn’t have a chance in what way?” At this point for the first time an objection was registered. The trial court overruled the objection. On motion for new trial the trial judge recognized that the testimony in question was “far from harmless.” But for various reasons he felt a new trial was not required.
In my opinion the subject testimony, constituting the expression of an opinion by a *363 layman on one of the vital issues for the jury to decide, was clearly objectionable. As I contended in the special concurrence in Public Health Foundation, etc., v. Cole, 352 So.2d 877 (Fla. 4th DCA 1977), even an expert opinion on such a question is an invasion of the province of the jury. However, by the time an objection was registered the information called for by the question was already in evidence and thus the answer was merely cumulative so that the adverse ruling would not constitute reversible error. In addition, there was no motion to strike the previous improper statements so that a favorable ruling on the question objected to would not have accomplished appellant’s purpose.
For these reasons I feel we are compelled to affirm the judgment appealed from.

. Numerous cases hold the question calls for an affirmative answer if timely objection is made. A sampling of those cases is: Howland v. Cates, 43 So.2d 848 (Fla.1950); Albers v. Dasho, 355 So.2d 150 (Fla. 4th DCA 1978); Nat’l Car Rental System, Inc. v. Holland, 269 So.2d 407 (Fla. 4th DCA 1972).